1  **DAVID M.C. PETERSON**
   California Bar No. 254498
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Telephone: (619) 234-8467
4  David_Peterson@fd.org

5  Attorneys for Mr. Daniel Cebreros-Villanueva

6

7

8                   UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                  **(HONORABLE DANA M. SABRAW)**

11 | UNITED STATES OF AMERICA, | ) | Criminal No. 08CR2405-DMS |
   |                           | ) |                            |
12 |   Plaintiff,              | ) | Date: September 5, 2008    |
   |                           | ) | Time: 11:00 a.m.           |
13 | v.                        | ) |                            |
   |                           | ) | NOTICE OF MOTIONS AND MOTIONS TO: |
14 | DANIEL CEBREROS-VILLANUEVA, | ) | 1)  COMPEL DISCOVERY;    |
   |                           | ) | 2)  GRANT LEAVE TO FILE   |
15 |   Defendant.              | ) |     FURTHER MOTIONS        |

16

17 TO:   KAREN P. HEWITT. UNITED STATES ATTORNEY; AND
       LUELLA CALDITO, ASSISTANT UNITED STATES ATTORNEY:
18

19 **PLEASE TAKE NOTICE** that on Friday, September 5, 2008, at 11:00 a.m., or as soon thereafter

20 as counsel may be heard, the accused, Daniel Cebreros-Villanueva, by and through his attorneys, David M.C.

21 Peterson, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the

22 motions listed below.

23                              **MOTIONS**

24     Daniel Cebreros-Villanueva, the accused in this case, by and through his attorneys, David M.C.

25 Peterson, and Federal Defenders of San Diego, Inc., pursuant to the Fourth, Fifth and Sixth Amendments

26 to the United States Constitution, Federal Rules of Criminal Procedure, Rules 8, 12, 14 and 16, and all other

27 applicable statutes, case law and local rules, hereby moves this court for an order to:

28 //

1)     Compel Discovery; and,

2)     Grant leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

                                      Respectfully submitted,

Dated: August 22, 2008                 **/s/ *David M.C. Peterson***
David M.C. Peterson
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Cebreros-Villanueva
David_Peterson@fd.org

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy to Chambers

Copy to Luella Caldito, Assistant U.S. Attorney via ECF NEF

Copy to Defendant

Dated: August 22, 2008

/s/ David M.C. Peterson
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel)
(619) 687-2666 (fax)
David_Peterson@fd.org (email)

1  **DAVID M.C. PETERSON**
   California Bar No. 254498
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5008
   Telephone: (619) 234-8467
4  David_Peterson@fd.org

5  Attorneys for Mr. Daniel Cebreros-Villanueva

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                    **(HONORABLE DANA M. SABRAW)**

11  UNITED STATES OF AMERICA,            )    Criminal No. 08CR2405-DMS
                                         )
12       Plaintiff,                      )    Date: September 5, 2008
                                         )    Time: 11:00 a.m.
13  v.                                   )
                                         )    STATEMENT OF FACTS AND
14  DANIEL CEBREROS-VILLANUEVA,          )    MEMORANDUM OF POINTS AND
                                         )    AUTHORITIES IN SUPPORT OF
15       Defendant.                      )    DEFENDANT'S MOTIONS
                                         )
16  _____)

17                                  **I.**

18                    **STATEMENT OF FACTS**[1]

19       Mr. Cebreros-Villanueva was arrested on June 19, 2008. Border Patrol Agent J. Anderson encountered Mr. Cebreros-Villanueva twenty miles west of Calexico, California, while in the course of his duties. Agent Anderson approached Mr. Cebreros-Villanueva and identified himself as a United States Border Patrol Agent. Agent Anderson determined through questions that Mr. Cebreros-Villanueva was a citizen of Mexico with no immigration documents that would allow him to enter into or remain in the United States illegally. Mr. Cebreros-Villanueva was placed under arrest. Records checks revealed a deportation and criminal history. On July 22, 2008, Mr. Cebreros-Villanueva was charged by indictment with a violation of Title 8, United States Code, § 1326(a) and (b), attempted entry after deportation. On that same day, he

---

[1] This statement of facts is based upon the Complaint and Statement of Facts Attached thereto and discovery materials received to date. Mr. Cebreros-Villanueva in no way admits the accuracy of these facts and reserves the right to take a position different than or contrary to this statements of facts at trial or in other motions.

pled not guilty before Magistrate Judge Peter C. Lewis. Defense counsel has received 113 pages of discovery to date. These motions follow.

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

Mr. Cebreros-Villanueva moves for the production of the following discovery. His request is not limited to those items that the prosecutor knows of; it includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements. The government must disclose to the defendant all copies of any written or recorded statements made by the Mr. Cebreros-Villanueva; the substance of any statements made by him which the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; see id., any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; **any response to any Miranda warnings which may have been given to the defendant, including all video or audio recordings, as well as rough notes that the agent may have taken at the time of defendant's arrest and interrogation** (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982); as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A).[2] The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all records containing reference to the defendant's statements, whether oral or written, regardless of whether the government intends to use those statements. United States v. Noe, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal -- government's failure to disclose statements made by the defendant is a serious detriment to preparing trial and defending against criminal charges).

(2) Arrest Reports and Notes. The defendant also specifically requests that the government turn over all arrest reports, notes and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts,

---

[2] Of course, any of Mr. Cebreros-Villanueva's statements which are exculpatory must be produced as well. See Brady v. Maryland, 373 U.S. 83 (1963).

1  referral slips, or other documents in which statements of the defendant or any other discoverable material
2  is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland. The
3  government must produce arrest reports, investigators' notes, memos from arresting officers, sworn
4  statements, and prosecution reports pertaining to the defendant. *See* Fed. R. Crim. P. 16(a)(1)(B) and (C),
5  26.2 and 12(I); United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (original notes with suspect
6  or witness must be preserved); see also United States v. Anderson, 813 F.2d 1450, 1458 (9th Cir. 1987)
7  (reaffirming Harris*'* holding). Preservation of contemporaneous notes is specifically requested, whether or
8  not the government deems them discoverable at this time. **In addition, Mr. Cebreros-Villanueva requests**
9  **copies of all video-surveillance of the area on the date of the arrest, as well as the location of all**
10 **permanent remote surveillance devices. Further, defendant requests the names of all temporary**
11 **remote surveillance operators stationed at or near the area of his arrest.**

12        (3) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible
13 evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the
14 government's case. Kyles v. Whitley, 514 U.S. 419 (1995). Under Brady, Kyles and their progeny,
15 impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the
16 accused. See also United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).
17 This includes information obtained from other investigations which exculpates Mr. Cebreros-Villanueva.

18        (4) Any Information That May Result in a Lower Sentence Under The Guidelines. The government
19 must produce this information under Brady v. Maryland, 373 U.S. 83 (1963).

20        (5) The Defendant's Prior Record. The defendant requests disclosure of his prior record. Fed. R.
21 Crim. P. 16(a)(1)(B).

22        (6) Any Proposed 404(b) Evidence. To the extent that there is any such evidence, the government
23 must produce evidence of prior similar acts under Fed. R. Evid. 404(b) and "shall provide reasonable notice
24 in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under
25 Fed. R. Evid. 404(b) at trial. See United States v. Vega, 188 F. 3d 1150, 1154-1155 (9th Cir. 1999). The
26 defendant requests that such notice be given three weeks before trial in order to give the defense time to
27 adequately investigate and prepare for trial.

28        (7) Evidence Seized. The defendant requests production of evidence seized as a result of any

search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(8) <u>Request for Preservation of Evidence</u>. The defendant specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case. This request includes the contemporaneous, or "rough notes" of any arresting and interrogating officers.

(9) <u>Henthorn Material</u>. In addition, Mr. Cebreros-Villanueva requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. <u>Kyles</u>, 514 U.S. at 419; <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>see also</u> <u>United States v. Jennings</u>, 960 F.2d 1488 (9th Cir. 1992) (AUSA may not be ordered to personally conduct examination of records; appropriate government agency may review files and notify AUSA of contents as long as AUSA makes the determination regarding material to be disclosed); <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996) (accord). In addition, the defendant requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an <u>in camera</u> inspection.

(10) <u>Tangible Objects</u>. The defendant requests the opportunity to copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E).

(11) <u>Expert Witnesses</u>. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(E). The defense requests that notice of expert testimony be provided at a minimum of two weeks prior to trial so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications of any expert. See <u>Kumho v. Carmichael Tire Co.</u> 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings . . . .").

1    (12) <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective
2 government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or
3 her testimony.

4    (13) <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective government
5 witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness
6 has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>.

7    (14) <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any
8 evidence that any prospective witness  is under investigation by federal, state or local authorities for any
9 criminal conduct.

10    (15) <u>Evidence  Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.  The
11 defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show
12 that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired, and
13 any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an
14 alcoholic.

15    (16) <u>Witness Addresses</u>.  The defendant requests the name and last known address of each
16 prospective government witness.  <u>See</u> <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense
17 counsel has equal right to talk to witnesses).  The defendant also requests the name and last known address
18 of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof)
19 who will not be called as a government witness.  <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984).
20 **Specifically, Mr. Cebreros-Villanueva requests the names and last known addresses of the percipient**
21 **witnesses to the crime charged, to wit, the other individuals who were arrested along with Mr.**
22 **Cebreros-Villanueva.**

23    (17) <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement
24 relevant to any possible defense or contention that he might assert.  <u>United States v. Bailleaux</u>, 685 F.2d
25 1105 (9th Cir. 1982).  This includes all statements by percipient witnesses.

26    (18) <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material,
27 including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500; Fed.
28 R. Crim. P. 26.2.  Advance production will avoid the possibility of delay at the request of the defendant to

1 investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account
2 of the witness' interview is sufficient for the report or notes to qualify as a statement under section
3 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v. Boshell, 952
4 F.2d 1101 (9th Cir. 1991) (holding that where an agent goes over interview notes with subject interview
5 notes are subject to Jencks Act).

6     (19) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant
7 requests all statements and/or promises, express or implied, made to any government witnesses, in exchange
8 for their testimony in this case, and all other information which could arguably be used for the impeachment
9 of any government witnesses.

10     (20) Agreements Between the Government and Witnesses. In this case, the defendant requests
11 identification of any cooperating witnesses who have committed crimes but were not charged so that they
12 may testify for the government in this case. The defendant also requests discovery regarding any express
13 or implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other
14 kind of agreement or understanding, including any implicit understanding relating to criminal or civil income
15 tax, forfeiture or fine liability between any prospective government witness and the government (federal,
16 state and/or local). This request also includes any discussion with a potential witness about or advice
17 concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the
18 advice not followed.

19     Pursuant to United States v. Sudikoff, 36 F. Supp.2d 1196 (C.D. Cal. 1999), the defense requests
20 all statements made, either personally or through counsel, at any time which relate to the witnesses'
21 statements regarding this case, any promises -- implied or express -- regarding punishment/prosecution or
22 detention of these witnesses, any agreement sought, bargained for or requested, on the part of the witness
23 at any time.

24     (21) Informants and Cooperating Witnesses. To the extent that there was any informant, or any
25 other tip leading to a TECS hit in this case the defendant requests disclosure of the names and addresses of
26 all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any
27 informant who was a percipient witness in this case or otherwise participated in the crime charged against
28 Mr. Cebreros-Villanueva. The government must disclose the informant's identity and location, as well as

1  the existence of any other percipient witness unknown or unknowable to the defense.  <u>Roviaro v. United</u>
2  <u>States</u>, 353 U.S. 53, 61-62 (1957).  The government must disclose any information derived from informants
3  which exculpates or tends to exculpate the defendant.

4      (22) <u>Bias by Informants or Cooperating Witnesses</u>.  The defendant requests disclosure of any
5  information indicating bias on the part of any informant or cooperating witness.  <u>Giglio v. United States</u>.
6  Such information would include what, if any, inducements, favors, payments or threats were made to the
7  witness to secure cooperation with the authorities.

8      (23) <u>Personnel Records of Government Officers Involved in the Arrest</u>.  Defendant requests all
9  citizen complaints and other related internal affairs documents involving any of the immigration officers or
10 other law enforcement officers who were involved in the investigation, arrest and interrogation of Defendant.
11 See <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of these
12 documents, defense counsel will be unable to procure them from any other source.

13     (24) <u>Inspection and Copying of A-File</u>.  Mr. Cebreros-Villanueva requests that this court order the
14 government to make all A-Files relevant to Mr. Cebreros-Villanueva available for inspection and copying.

15     (25) <u>Names of all percipient witnesses</u>.  **Mr. Cebreros-Villanueva requests the names of all**
16 **percipient witnesses to the arrest, including the other individuals who were arrested with Mr.**
17 **Cebreros-Villanueva.**

18     (26) <u>Residual Request</u>.  Mr. Cebreros-Villanueva  intends by this discovery motion to invoke his
19 rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the
20 Constitution and laws of the United States.  Mr. Cebreros-Villanueva requests that the government provide
21 his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay
22 prior to cross-examination.

**III.**

**MOTION TO GRANT LEAVE TO FILE FURTHER MOTIONS**

25 Mr. Cebreros-Villanueva remains at the Imperial County Jail, and defense counsel has had extreme
26 difficulty in discussing the case fully with Mr. Cebreros-Villanueva at this remote location.  It is understood
27 from conversations with the United States Marshal's Service that Mr. Cebreros-Villanueva will be moved
28 to San Diego on or about Friday August, 29, 2008.  In addition, Defense counsel has received 113 pages of

1  discovery in this case. As information surfaces due to the government providing discovery in response to
2  these motions or an order of this court, and when defense counsel has had further opportunity to speak with
3  Mr. Cebreros-Villanueva, the defense will find it necessary to file further motions, or to supplement existing
4  motions with additional facts. Moreover, the defense has been investigating Mr. Cebreros-Villanueva'
5  alleged alienage, and once all information is received, it is anticipated that further motions will be filed.
6  Particularly, once the government provides discovery, it may become necessary, upon provision of
7  discovery, to file motions to 1) suppress statements, 2) dismiss the indictment due to misinstruction of the
8  Grand Jury, 3) dismiss the indictment for failure to allege the elements of 8 U.S.C. § 1326, and 4) a motion
9  based upon 8 U.S.C. § 1326(d). Therefore, defense counsel requests the opportunity to file further motions
10 based upon information gained from discovery.

## IV.

## **CONCLUSION**

For the reasons stated above, Mr. Cebreros-Villanueva moves this Court to grant his motions.

Respectfully submitted,


Dated: August 22, 2008            */s/ DAVID M.C. PETERSON*
                                  DAVID M.C. PETERSON
                                  Federal Defenders of San Diego, Inc.
                                  Attorneys for Mr. Cebreros-Villanueva
                                  David_Peterson@fd.org